UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDRICK WILKES,

       Petitioner,

                                       CASE NO. 2:20-cv-11737
v.                                      HONORABLE DENISE PAGE HOOD

WARDEN RANDEE REWERTS
and MICHIGAN DEPARTMENT
OF CORRECTIONS,

       Respondents.

_____/

### ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Petitioner Fredrick Wilkes recently filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. Although Petitioner alleges that he is serving a life sentence for aiding and abetting a felony-murder, he is not challenging his conviction or sentence. Instead, he claims that his incarceration at the Carson City Correctional Facility in Carson City, Michigan amounts to cruel and unusual punishment because he has a substantial risk of contracting the coronavirus disease there and becoming ill or even dying. He seeks injunctive relief in the form of house arrest or release to a community halfway house.

A preliminary question is whether this district is the proper venue for Petitioner's case. He filed his habeas petition under 28 U.S.C. §§ 2241(c)(3) and

2241(d). Subsection (c)(3) of § 2241 states that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." Subsection (d) of the same statute permits a habeas petitioner to file his or her petition "in the district court for the district wherein such person is in custody or in the district court for the district within which the State court . . . convicted and sentenced" the petitioner.

Section 2242 of Title 28, United States Code, "straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].' " *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004); *see also* 28 U.S.C. § 2243, ¶ 2, which provides that "[t]he writ . . . shall be directed to the person having custody of the person detained." Thus, "in habeas challenges to present physical confinement – 'core challenges' - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Padilla*, 542 U.S. at 435. "[F]or core habeas petitions challenging present physical confinement [under § 2241], jurisdiction lies in only one district: the district of confinement." *Id.* at 443; *see also* 28 U.S.C. § 2241(a) (stating that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions").

Federal district courts, moreover "have wide discretion to transfer an action to a different district or division, where it might have been brought, for the

convenience of the parties and witnesses, in the interests of justice, pursuant to 28 U.S.C. § 1404(a)." *Hite v. Norwegian Caribbean Lines*, 551 F. Supp. 390, 394 (E.D. Mich. 1982) (citing *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955)).  Section 2241(d) also authorizes the district court for the district where the habeas petition was filed to exercise its discretion, and in furtherance of justice, to transfer the petition to another district for hearing and determination.

Although Petitioner was convicted and sentenced in a state court lying within this federal district, he is incarcerated in Carson City where respondent Randee Rewerts is the warden, and he (Petitioner) is challenging the conditions at the Carson City prison.  Carson City is part of Montcalm County, which lies within the geographical confines of the Federal Court in the Western District of Michigan.  *See* 28 U.S.C. § 102(b)(1).  The Court concludes that the proper venue for Petitioner's case is the federal court in the Western District of Michigan, because that district is the district of confinement and the district having jurisdiction over Petitioner's warden.  The Court **ORDERS** the Clerk of Court to **TRANSFER** this case to the Southern Division of the United States District Court for the Western District of Michigan.  The Court has not determined whether Petitioner may proceed without prepayment of the filing fee for this action.

s/Denise Page Hood<br>Chief Judge, United States District

Dated:  July 31, 2020